Case 0:09-cv-60942-CMA   Document 1   Entered on FLSD Docket 06/26/2009   Page 1 of 8

Filed by ___ D.C.
ELECTRONIC
June 26, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: _____

09-CV-60942-Altonaga/Brown

DOUGLAS PINKNEY, DENISE DONNELLY,
JEAN ELLIOTT, RACHEL HOP, SARAH HOP,
ALLYSON HOP, LAINE JACKSON GIBBIE,
KEVIN ELLIOTT, CASSIDY ELLIOTT,
TAMARA ELLIOTT, TESSA ELLIOTT,
and COURTNEY ELLIOTT, by her father
and next friend, Kevin Elliott,

    Plaintiffs,

v.

MINECORE INTERNATIONAL, INC.,
and JERRY G. MIKOLAJCZYK,

    Defendants.

_____/

## COMPLAINT

Plaintiffs by their undersigned attorney hereby sue Defendants, MINECORE INTERNATIONAL, INC. and JERRY G. MIKOLAJCZYK, and allege as follows:

1. Plaintiff DOUGLAS PINKNEY is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

2. Plaintiff DENISE DONNELLY is a citizen of British Columbia, Canada over the age of eighteen years and otherwise sui juris.

3. Plaintiff RACHEL HOP is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

4. Plaintiff SARAH HOP is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

1

5. Plaintiff ALLYSON HOP is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

6. Plaintiff LAINE JACKSON GIBBIE is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

7. Plaintiff JEAN ELLIOTT is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

8. Plaintiff KEVIN ELLIOTT is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

9. Plaintiff CASSIDY ELLIOTT is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

10. Plaintiff TAMARA ELLIOTT is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

11. Plaintiff TESSA ELLIOTT is a citizen of Alberta, Canada over the age of eighteen years and otherwise sui juris.

12. Plaintiff COURTNEY ELLIOTT is a minor child residing in Alberta, Canada and brings this action through her father and next friend, Kevin Elliott.

13. Defendant, MINECORE INTERNATIONAL, INC. is a corporation organized and existing under and by virtue of the laws of the State of Nevada. Defendant, MINECORE INTERATIONAL, INC., has at all relevant times maintained and carried on substantial business from its principal offices located in Broward County, Florida as publicly represented on its website and in filings required by and made with the Securities and Exchange Commission of the United States through May 5, 2009.

14. Defendant, JERRY G. MIKOLAJCZYK represents that he is a resident of the

State of California. Said Defendant is over the age of eighteen years and otherwise sui juris.

15.     Jurisdiction is conferred under Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa). The claims asserted herein arise under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5).

16.     Venue is proper in this district pursuant to Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). The acts charged in this complaint, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this district.

17.     In connection with the acts, transactions and conduct alleged herein, Defendants used the means and instrumentalities of interstate commerce.

18.     Plaintiff, DOUGLAS PINKNEY purchased 6,050 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on or about June 30, 2004.

19.     Plaintiff, DENISE DONNELLY purchased 7,593 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on or about June 30, 2004.

20.     Plaintiff, JEAN ELLIOTT purchased 7,593 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on or about June 30, 2004.

21.     Plaintiff, RACHEL HOP purchased 45,560 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on a date sometime between June 30, 2004 and August 4, 2005.

22.     Plaintiff, SARAH HOP purchased 15,187 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on a date sometime between June 30, 2004 and August 4, 2005.

3

23. Plaintiff, ALLYSON HOP purchased 15,187 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on a date sometime between June 30, 2004 and August 4, 2005.

24. Plaintiff, LAINE JACKSON GIBBIE purchased 20,000 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on or about April 17, 2006.

25. Plaintiff, KEVIN ELLIOTT purchased a combined total of 110,249 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on various dates ranging between June 30, 2004 and June 21, 2005.

26. Plaintiff, TAMARA ELLIOTT purchased a combined total of 95,000 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on various dates ranging between June 30, 2004 and August 4, 2005.

27. Plaintiff, CASSIDY ELLIOTT purchased 5,000 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on a date sometime between June 30, 2004 and August 4, 2005.

28. Plaintiff, TESSA ELLIOTT purchased 5,000 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on a date sometime between June 30, 2004 and August 4, 2005.

29. Plaintiff, COURTNEY ELLIOTT, acquired her 5,000 shares of common stock of Defendant, MINECORE INTERNATIONAL, INC. on a date sometime between June 30, 2004 and August 4, 2005.

30. At all times relevant hereto defendant, JERRY G. MIKOLAJCZYK ("Mikolajczyk") was the president, chief operating officer and chairman of the board of directors of Defendant, MINECORE INTERNATIONAL, INC. ("MineCore").

31. During the period immediately preceding the purchase by the Plaintiffs of shares of common stock of MineCore the Defendants, with knowledge of or reckless disregard for the truth, knowingly and intentionally disseminated false information which was misleading in that they contained material misrepresentations, including, but not necessarily limited to:

    a. The value of the assets of Defendant, MineCore. In particular, MineCore purchased Platinum Works, Inc., a Florida corporation owned primarily by Mikolajczyk in a share exchange of MineCore stock for Platinum Works, Inc. stock based upon Platinum Works, Inc. having an asset value in excess of $60,000,000.00. This financial information was materially false and misleading in that it was based upon the value of mineral leases in Madagascar which had been acquired by Mikolajczyk personally. Mikolajczyk then transferred the mineral leases to Platinum Works, Inc. at a greatly inflated and unreasonable value accepting shares of Platinum Works, Inc. in exchange. Upon the purchase of Platinum Works, Inc. by MineCore, MineCore then represented to Plaintiffs and other potential stock purchasers that MineCore's assets were substantially greater than they actually were based upon the acquisition of Platinum Works, Inc. at a price far in excess of its actual worth. Thereafter these assets were carried on the books of MineCore at the tremendously inflated value set by Mikolajczyk thereby falsely representing the true worth of the company;

    b. Defendants made materially false and misleading statements in an effort to induce Plaintiffs and others to purchase shares of MineCore when they represented that MineCore had financing available from one Brett Cobb in the amount of $20,000,000.00 that would allow operations of MineCore to go

forward. In fact, no such financing was available.

32. Plaintiffs allege that, based upon their belief in the truth of what turned out to be the false and misleading statements, they were induced to purchase shares of common stock in MineCore.

33. Plaintiffs say that further evidencing Defendants' fraudulent conduct and intention to mislead is the fact that between November 2004 and May 2009, MineCore did not issue or publish any statement, audited or unaudited, of its financial condition, income from its or its subsidiaries' operations, or expenditure of company funds. Nor, during the same time period, did MineCore file any corporate income tax statements. Plaintiffs further say that on many occasions, Defendants have falsely represented that the financial information concerning MineCore would be filed with the Securities and Exchange Commission, as required by law, thereby making the shares of stock of MineCore eligible for trading in the open market.

34. Defendants have violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder in that they: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material facts; or (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon Plaintiffs in connection with their purchase of shares of stock of MineCore.

35. Plaintiffs have suffered substantial damages as a result of the wrongs alleged herein in an amount to be proved at trial.

WHEREFORE, Plaintiffs request judgment as follows:

a. Awarding compensatory damages against Defendants, jointly and severally, for damages suffered as a result of the fraudulent violation of the securities laws, together with interest thereon;

6

  b. Awarding Plaintiffs pre-judgment and post-judgment interest, as well as the fees and expenses incurred in this action, including reasonable allowance of fees for attorney's and experts; and

  c. Granting such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Dated: June 26, 2009      Respectfully submitted,

                  /s/ Barbara H. Schreibman
                  Barbara H. Schreibman, Esq.
                  Fla. Bar. No. 0935123
                  2645 Executive Park Drive
                  Suite 102
                  Weston, FL 33331
                  Email: Barbara@schreibmanlaw.com
                  Phone: (954) 389-1452
                  Facsimile: (954) 389-1462

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
DOUGLAS PINKNEY, DENISE DONNELLY, JEAN ELLIOTT, RACHEL HOP, SARAH HOP, ALLYSON HOP, LAINE JACKSON

(b) County of Residence of First Listed Plaintiff  **Calgary, Alberta, Canada**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Barbara H. Schreibman, Esq., Attorney-at-Law
2645 Executive Park Drive - Suite 102
Weston, Florida 33331

### DEFENDANTS
MINECORE INTERNATIONAL, INC., and JERRY G. MIKOLAJCZYK

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
09cv 60942 Altonaga/Brown

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
|  | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☑ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE                                  DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**
1. Venue: 15 USC Sec. 78 - Violation of Section 10(b) of Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the SEC (17 CFR sec.240.10b-5); 2. 28 U.S.C. § 1391(b) - Diversity
LENGTH OF TRIAL via __4-5__ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE June 26, 2009

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 546656   IFP